UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES D. DAUGHTY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:04CV00793-ERW (AGF) |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Audrey Fleissig [doc. #16] pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #19]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I. BACKGROUND**[1]

Plaintiff was convicted in state court of first degree murder, armed criminal action, and attempted forcible rape. He was sentenced, on March 6, 2000, to three consecutive terms of life imprisonment, the term on the murder charge being without the possibility of probation or parole. These sentences were affirmed on direct appeal. Petitioner filed a pro se motion for state post-conviction relief on August 28, 2001. An amended motion was filed by appointed counsel, which

---

[1]The Report and Recommendation of the Magistrate Judge sets forth in detail the facts of the case, and therefore the Court will not repeat them here.

1

was subsequently denied. This decision was affirmed by the state appellate court on June 24, 2004.

Petitioner then filed a pro se motion for habeas relief before this Court on June 25, 2004. In his motion, Plaintiff alleges ten claims as the basis for his requested relief. The Magistrate Judge summarized those claims into five essential grounds as follows: (1) Petitioner's oral, written, and videotaped confessions were improperly admitted at trial because they were obtained following his arrest which was effected without a warrant, probable cause, exigent circumstances, or knocking and announcing; (2) the State destroyed fingerprint evidence and police notes of Petitioner's interrogation, despite pending motions by the defense to preserve such evidence; (3) Petitioner's confessions were improperly admitted at trial because they were not voluntary, but coerced by the police; (4) Petitioner's waiver of his right to a jury trial was not voluntary, but rather was coerced by his trial attorneys; and (5) there was insufficient evidence to support Petitioner's convictions, and Petitioner's direct appeal counsel was ineffective for not raising this claim on appeal. It appears that Petitioner objects to all of the Magistrate Judge's findings, however, it is difficult to associate each objection with a particular finding, as Petitioner references his original petition with ten basis for relief.[2] The Court will address each of the Magistrate Judge's findings, and will ensure that all of Petitioner's objections are reviewed in accordance with the standard set forth in *Lothridge*.[3] 324 F.3d at 600.

---

[2]This Court recognizes, as did the Magistrate and the Defendant, that the first five counts stated in Plaintiff's original habeas petition, all challenge the legitimacy of the arrest on a number of distinct basis, and evidence resulting from the arrest. Therefore, an individual analysis of each count is unnecessary.

[3]Petitioner clearly objects to the findings that his claims are barred due to procedural default and that his statements were not coerced. Petitioner then generally incorporates his arguments made in his traverse. In accordance with *Lothridge*, the Court need only address those portions of the Magistrate's findings to which the Petitioner specifically objects. 324 F.3d at 600.

## II. DISCUSSION

The Magistrate Judge clearly set forth the facts, and therefore they need not be repeated by this Court. The Court will address each claim set forth in the Magistrate Judge's opinion in turn.[1]

### A. Alleged Unconstitutional Arrest

Petitioner asserts that his arrest was unconstitutional, for a number of reasons. Defendant asserts that Petitioner's claim that his arrest was unconstitutional is *Stone* barred. The Magistrate Judge concurred with the Defendant.

The Supreme Court in *Stone v. Powell*, held that due to the unique nature of the Fourteenth Amendment exclusionary rule, once a determination has been made by the state court, and upheld on direct appeal, that the arrest was lawful, it cannot be collaterally reviewed in a federal habeas petition. *Stone v. Powell*, 428 U.S. 465, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Willett v. Lockhart*, 37 F.3d 1265, 1270 (8th Cir. 1994) ("[T]he proper inquiry[, under *Stone,*] is whether the state has provided an opportunity for full and fair litigation of the claim." (internal quotation omitted)). "[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett*, 37 F.3d at 1273.

---

[1] However, the Court is mindful of Petitioner's status as pro se, and therefore will briefly address each of the proposed findings in the Magistrate's report and recommendation.

The Petitioner does not allege, in either his traverse, or his objections, that he was unable to raise an objection to his arrest in the state court proceedings. Furthermore, a suppression hearing was held on June 21, 1999, before the trial court. It is unclear whether the legality of Petitioner's arrest was raised at that hearing, however, that question is inconsequential. The fact that a suppression hearing was held demonstrates that Petitioner had the opportunity to raise the Fourth Amendment claim. Therefore, Petitioner's claim for habeas relief under counts I-VI, which all related to the legality of Petitioner's arrest, are denied.

**B. Destruction of Fingerprint evidence and Handwritten Police Notes**

Petitioner asserts, in his habeas petition, that the police improperly destroyed fingerprint evidence and handwritten notes that were made during his interrogation. The Defendant responds that this claim was procedurally defaulted, because the Petitioner failed to raise it on direct appeal, or in his state collateral appeal.

"A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can how cause and prejudice for the default, or actual innocence." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). If a state prisoner fails to meet the state procedural requirements, he forfeits his right to federal habeas review, unless he can meet the strict exceptions enumerated above. *Id.* The Eighth Circuit in *Jolly v. Gammon*, held that

> Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid default. *Benson v. State*, 611 S.W.2d 538, 541 (Mo.Ct.App. 1980). Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review.

28 F.3d 51, 53 (8th Cir. 1994).

In the case at bar, Petitioner failed to raise the destruction of the fingerprint evidence and handwritten notes on his direct appeal. Petitioner argues that this failure was excusable because

4

he raised the issue, in the form of an ineffective assistance of appellate counsel claim, in his pro se motion for post-conviction relief. However, after Petitioner filed his pro se motion for post-conviction relief before the state court, he was appointed counsel to represent him. His appointed counsel filed an amended motion, which did not include the ineffective assistance of appellate counsel claim. The claim was also omitted from the appeal of the state post-conviction ruling, however, this is unremarkable, as the same attorney was representing Petitioner on the appeal. It is undisputed that Plaintiff did not raise the claim of the destruction of evidence or ineffective assistance of counsel for failing to raise the issue on direct appeal or in state post-conviction proceedings. The issue presented by these facts requires a determination of whether the failure of Petitioner's post-conviction counsel to raise the claim constitutes cause and prejudice sufficient to overcome the procedural default. The Magistrate Judge, rather than address the complex procedural default question created by these facts, chose to address the merits of Petitioner's argument that the destruction of the claimed evidence constituted a due process violation.[4] The Court will use the same approach.

A due process violation based on the destruction of evidence, is analyzed under two different standards, depending on whether the evidence is potentially useful, or materially exculpatory. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). The destruction of materially exculpatory evidence is unaffected by the good or bad faith of the officers, however, "the Due

---

[4]The Eighth Circuit in *Stephens v. Norris*, decided that rather than address the complicated question of procedural default, the court would address the simpler question of the merits of the petitioner's claims. 83 F.3d 223, 224 (8th Cir. 1996) ("Although we question whether Stephens' claim was completely unavailable before *Coakely*, we prefer to cut through the procedural-bar morass and address the much simpler issue of the merits of Stephens' claim."). Addressing the merits further avoids the necessity of analyzing the ineffective assistance claim under *Strikcland*, as a *Strickland* challenge can only succeed if Petitioner can show that if counsel had raised the argument, the outcome would have been different.

Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant. *Id.* In *Youngblood*, the Supreme Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58.

In the case at bar there is no evidence that the state acted in bad faith in destroying the fingerprint evidence or the handwritten notes. The fingerprints that were found at the crime scene either belonged to the victim, or were insufficient for identification purposes. Those that were insufficient for identification purposes were discarded in accordance with normal police procedure. Petitioner has not raised any additional evidence that supports a finding that the fingerprints were destroyed in bad faith. Nor is there any evidence to show that the fingerprints were clearly exculpatory. The report from the crime lab showed that they were unidentifiable. The same is true of Petitioner's argument that the destruction of the handwritten notes is the basis of a due process violation. Again, there is no evidence that the handwritten notes were clearly exculpatory, and therefore, Petitioner must show that the officer's acted in bad faith in destroying them. There is no evidence to support this, rather the notes were not required to be kept after a report had been filed. Therefore Petitioner's Due Process claim, based on the destruction of fingerprint evidence and handwritten notes, is unsuccessful, and therefore cannot be the basis of an ineffective assistance of counsel claim. Petitioner's second ground for habeas relief is therefore denied.

### C. Petitioner's Confession

Petitioner next asserts that his Due Process rights under the Fourteenth Amendment were violated when the police used coercion to illicit Petitioner's confession. Defendant's dispute this assertion, arguing that the factual findings of the state court support the conclusion that Petitioner's confession was voluntary.

The Supreme Court has clearly held that an involuntary confession, that is the result of police coercion, violates the Due Process clause of the Fourteenth Amendment. *Colorado v. Connellly*, 479 U.S. 157, 163 (1986) ("we held that by virtue of the Due Process Clause certain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, are so offensive to a civilized system of justice that they must be condemned." (internal citation omitted)). The Court further held that there must be some offensive police action, which causes the confession, in order to support a finding that the confession was not voluntary. *Id.* 163-164, 167. "A confession is not voluntary if it was extracted by threats, violence, or direct or implied promises." *Sumpter v. Nix*, 863 F.2d 563, 565 (8th Cir. 1988). The Court is to look at the totality of the circumstances in determining whether Petitioner's "will was overborne and his capacity for self-determination critically impaired." *Id.* (citing *Columbe v. Connecticut*, 397 U.S. 568, 602 (1961)). In making this determination, the state court's factual determinations are entitled to a presumption of validity, but the determination of voluntariness is a question of law. *Smith v. Bowersox*, 311 F.3d 915, 922 (8th Cir. 2002) ("While a state court's resolution of factual issues is entitled to a presumption of correctness, the ultimate determination of whether a confession was voluntary presents a question of law.").

Based on the facts held to be true by the state court, the evidence is insufficient to support a finding that Petitioner's confession was involuntary. Petitioner was advised of his *Miranda* rights before he was interrogated. He was held for approximately six hours prior to giving a

7

confession. During that time Petitioner was given breaks for breakfast and lunch, as well as breaks to visit the restroom, and was permitted soda and cigarettes throughout the interview. The state court credited Officer Lassing's[5] testimony, that Petitioner did not ask for an attorney, nor were any promises made in return for Petitioner's confession. Based on these state factual findings, Petitioner's confession is valid as a matter of law. Therefore, Petitioner's third claim for habeas relief is denied.

### D. Involuntary Waiver of Right to Jury Trial

Petitioner's fourth claim is that he was deprived a fair trial because his waiver of his right to a jury trial was involuntary. Specifically, Petitioner asserts that his trial counsel coerced him into agreeing to a bench trial rather than a jury trial, by misrepresenting the benefits of a bench trial. The Defendant has responded to the merits of Petitioner's argument,[6] denying that Petitioner involuntarily waived his right to a jury trial.

The Supreme Court has clearly held that the right to a jury trial is a fundamental constitutional right, however, an accused may waive this right. *Duncan v. State of Louisiana*, 391 U.S. 145, 157-58 (1968) ("Our conclusion is that in the American States . . . a general grant of jury trial for serious offenses is a fundamental right. . ., [however] we hold no constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury

---

[5]One of the interviewing officers.

[6]This claim was raised in the state post-conviction proceedings as an ineffective assistance of counsel claim. The Defendant does not raise the potential of a procedural default. Although the Court has the authority to address the issue of procedural default *sua sponte*, the Court is not required to do so. *See King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (Court concluded that it had the authority to address *sua sponte* the question of procedural default, but proceeded to decide the claim on the merits.). The Court concludes that the most conclusive approach is to address the merits of Petitioner's claim, and therefore that is the approach that the Court will take.

8

trial."). In order for such a waiver "to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.'" *Boykin v. Alabama*, 395 U.S. 238, 243, n. 5 (1969) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Furthermore, a state court's determination of a claim is entitled to deference under 28 U.S.C. § 2254(d), and the Petitioner bears the burden of establishing that a factual determination by a state court was incorrect. 28 U.S.C. § 2254(e)(1).

The Petitioner has provided no evidence that the determination by the state court, that Petitioner was not coerced into waiving his right to a jury trial, was incorrect. Furthermore, this Court finds that the evidence would not support such a finding. Petitioner's trial counsel both testified that they believed the waiver was in Petitioner's best interest, as in exchange the state prosecutor agreed to remove the possibility of the death penalty. Trial Counsel further testified that they did not promise Petitioner a better outcome if the case was heard before a judge, but that they thought the chances of a better outcome were higher. Lastly, the Court notes that Petitioner signed a waiver of his right to a jury trial, which stated that he understood his right and was voluntarily relinquishing this right. This evidence clearly supports the state court finding that Petitioner voluntarily waived his right to a jury trial.

**E. Insufficient Evidence to Convict**

Petitioner asserts that his appellate counsel was ineffective, as they failed to raise the insufficiency of the evidence on direct appeal.[7] Defendant does not address the merits of this

---

[7]In Petitioner's original petition he does not raise an ineffective assistance claim, but rather states only that the evidence was insufficient to support a conviction. In his Traverse, Petitioner clarifies his position that his appellate counsel was ineffective for failing to raise the insufficiency of the evidence claim. This clarification effects the outcome of the procedural default question, however, it does not effect the ultimate conclusion, and therefore the Court will consider Petitioner's ineffective assistance claim, without the need for further briefing from the Defendant.

claim, but rather asserts that the claim was procedurally defaulted. Petitioner's claim that his appellate counsel was ineffective for failing to raise the insufficiency of the evidence claim was not procedurally defaulted, as Petitioner raised it in his state post-conviction proceedings. Therefore the Court will address the merits of Petitioner's ineffective assistance claim.

An ineffective assistance of counsel claim requires a showing that counsel's conduct fell below the standard of professional reasonableness, and that there is a reasonable probability that the outcome would have been different had counsel acted professionally. *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). "In determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689) (alterations in original). The Eighth Circuit in *Collins*, applied this standard in analyzing an ineffective assistance of appellate counsel claim. 240 F.3d. at 726 ("Collins claims that his appellate attorney was ineffective . . . ."). This standard is heightened in the context of a § 2254 petition, as the Petitioner must show that he has satisfied the *Strickland* test, and that the state-court applied *Strickland* in an objectively unreasonable manner. *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004).

In the case at bar, Petitioner's appellate counsel raised some arguments on direct appeal, but did not raise an insufficiency of the evidence argument. The Supreme Court, in *Smith v. Robbins*, held that an ineffective assistance of counsel claim may be based on counsel's failure to raise a particular claim, "but it is difficult to demonstrate that counsel was incompetent" on this basis. 528 U.S. 259, 288 (2000). This difficulty arises from a prior Supreme Court holding that

"appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith*, 528 U.S. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). In the case at bar, Petitioner's appellate counsel did raise a number of claims on direct appeal, and Petitioner has not provided any evidence that the insufficiency of the evidence claim was stronger than those which were presented. It is clearly reasonable for appellate counsel to pick those claims which are strongest, so as to maximize the chances for success. *Smith*, 528 U.S. at 288. Furthermore, even were Petitioner correct that his appellate counsel was professionally unreasonable for failing to raise the sufficiency of the evidence claim, he has provided no evidence to support his assertion that he was prejudiced by this deficiency. *See Strickland*, 466 U.S. at 691. Petitioner's conviction was supported by his written confession, his known association with the victim, a witness's testimony that they had seen a gray truck, matching the description of Petitioner's truck, near the victim's apartment, Petitioner's name and phone number written on an envelope inside the victim's home, and the medical examiner's testimony of probable sexual assault. Lastly, Petitioner cannot show that the state court's determination of Petitioner's ineffective assistance of counsel claim was objectively unreasonable. *Underdahl*, 381 F.3d at 742. Therefore, the Court concludes that Petitioner's final claim for habeas relief is denied.

## III. CONCLUSION

The Court has reviewed those portions of the Magistrate Judge's findings to which the Petitioner filed objections, and concludes that Plaintiff's objections are without merit. The state

court did not violate the treaties, laws, or Constitution of the United States, and therefore habeas relief is not warranted in this case. The Court also considers whether a certificate of appealability is appropriate in this case. A certificate of appealability will issue if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner makes such a showing if he demonstrates that his petition involves issues which are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues are adequate enough to deserve encouragement to proceed further. *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). In this case, Petitioner has not demonstrated that he is entitled to a certificate of appealability as to any claim presented in his § 2254 Petition.

The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner James D. Daughty's § 2254 Petition [doc. #2] is **DENIED**.

Dated this 5th Day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE